GOTHARD, Judge.
This appeal is from a default judgment in a suit on a promissory note.
The plaintiff, Mark D. Solomon, confirmed a preliminary default against Craig Heyward on June 22, 1989, in the amount of $15,000 plus interest from September, 1988 until paid, plus 10% attorney’s fees and costs. After his motion for new trial was denied, the defendant filed a suspen-sive appeal.
The appellant raises as issues whether service of citation was sufficient and valid to confirm a default judgment and whether the trial court erred in denying his motion for new trial.
The citation is directed to Craig Heyward at 6928 Saints Avenue, Metairie, which is the address of the Saints practice field.[1] The sheriff’s return recites that the citation was served “on Craig Heyward thru Jim Miller, herein named in person, ...” Under La.C.C.P. art. 1232, personal service requires tender of the citation “to the person to be served.” The service does not satisfy the requirements for domiciliary service, La.C.C.P. art. 1234, as the citation was not left at his home with a person of suitable age and discretion who resided there. We find, therefore, that the defendant was not served at all.
Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without service the proceeding is absolutely null. Peschier v. Peschier, 419 So.2d 923 (La.1982); Lewis v. Macke Bldg. Services, Inc., 524 So.2d 16 (La.App. 5th Cir.1988), writ denied 532 So.2d 131 (La.1988).
For the reasons assigned above, we set aside the judgment appealed from and remand for further proceedings consistent with this judgment.
JUDGMENT SET ASIDE, CASE REMANDED.

. The court takes judicial notice that the New Orleans telephone directory lists the Saints practice field address as 6928 Saints Avenue.